UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLEN PLOURDE, | ) |
| | ) |
|       Plaintiff | ) |
| v. | )    1:19-cv-00486-JAW |
| | ) |
| UNKNOWN MAINE STATE POLICE | ) |
| OFFICER #1, et al., | ) |
| | ) |
|       Defendants | ) |

**SUPPLEMENTAL RECOMMENDED DECISION
AFTER REVIEW OF PLAINTIFF'S SECOND AMENDED COMPLAINT AND
ORDER ON MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

After I recommended that the Court dismiss Plaintiff's first amended complaint (Recommended Decision, ECF No. 11), Plaintiff filed a second amended complaint through which Plaintiff seeks to recover damages for constitutional violations that allegedly occurred during a traffic stop on December 1, 2013. (Second Amended Complaint, ECF No. 18.) In the second amended complaint, Plaintiff removed most of the twenty defendants he named in his first amended complaint, which defendants included the United States, the state of Maine, governmental officials, law enforcement officers, and governmental agencies. Plaintiff now asserts claims against two unknown law enforcement officers who stopped him in his vehicle, (*id.*), and requests permission to make further amendments to his complaint. (Motion for Leave to Amend, ECF No. 24; Proposed Third Amended Complaint, ECF No. 24-1.)

1

Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 7.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's second amended complaint is appropriate.[1] 28 U.S.C. § 1915(e)(2).

Following a review of the second amended complaint and the proposed third amended complaint, I deny Plaintiff's motion to amend and recommend the Court dismiss the matter.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so

---

[1] Plaintiff filed his original complaint in October 2019. (Complaint, ECF No. 1.) In accordance with his right under Federal Rule of Civil Procedure 15(a), Plaintiff filed an amended complaint in November 2019. (First Amended Complaint, ECF No. 8.) After an unfavorable recommended decision on his first amended complaint, Plaintiff filed an objection to the recommended decision but also sought leave to file another amended complaint. (Recommended Decision, ECF No. 11; Objection, ECF No. 14; Motion for Leave to Amend, ECF No. 15.) The Court granted leave to amend, and Plaintiff filed a new complaint in January 2020. (Order, ECF No. 16; Second Amended Complaint, ECF No. 18.) The second amended complaint is thus the operative pleading for this supplemental section 1915 review.

as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

## DISCUSSION

### A. Section 1915 Review

In his second amended complaint, Plaintiff asserts that a December 2013 traffic stop was unlawful and that the law enforcement officers' actions suggested they planted evidence during the stop. Plaintiff alleges that when a K-9 drug sniffing dog did not alert after circling his vehicle numerous times, an officer put on a glove and rubbed a door handle of the vehicle for three to five seconds before forcing the dog's nose against that door handle. The officer then said the dog had detected marijuana in the vehicle and the officers searched his vehicle. When the officers did not discover anything illegal, Plaintiff claims they attributed the dog's alert to a moldy piece of pizza found in the vehicle.

Section 1915 provides a court with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Golden v. Coleman*, 429 Fed. App'x 73, 74 (3rd Cir.

2011) (dismissing complaint because the allegations were "fantastic, delusional, and simply unbelievable.")

The second amended complaint, which is less involved than Plaintiff's first amended complaint, arguably addresses some of the deficiencies in the first amended complaint. Despite the modifications, a review of the entirety of Plaintiff's second amended complaint reveals that Plaintiff's allegations are not actionable for the reasons discussed in the prior Recommended Decision. For example, Plaintiff's description of the one of the officer's handling of the piece of pizza and Plaintiff's related conclusions generate the same concerns identified in the recommended decision on Plaintiff's first amended complaint. Plaintiff's video recording of the encounter[2] reveals nothing suspicious about the encounter, including in the officer's handling of the pizza.[3]

In sum, as with Plaintiff's first amended complaint, Plaintiff's allegations in the second amended complaint, including the exhibits to the complaint, particularly when viewed as part of the entire record in this case, can reasonably be viewed as the type of

---

[2] In the second amended complaint and in his objection to the recommended decision on the first amended complaint, Plaintiff asserted that he had recorded the officers' conduct and that the recording was incriminating and compelling. (Objection at 4, ECF No. 14; Second Amended Complaint ¶ 55.) Although Plaintiff did not file the recording with the second amended complaint or the objection, Plaintiff filed a video recording of part of the encounter with law enforcement in response to and in accordance with the order I issued on May 26, 2020, alerting Plaintiff that his second amended complaint generated many of the same concerns that caused me to recommend that the Court dismiss the first amended complaint. (Order, ECF No. 22.)

[3] Plaintiff appears to suggest that the Court has extra-record knowledge about the December 2013 stop and search or was otherwise informed about it from another source because of the docket number assigned to this case. (Second Amended Complaint ¶ 71.) The Court has no knowledge of the incident beyond Plaintiff's allegations; the docket prefix is not based on any prior knowledge of the case.

circumstances that would warrant dismissal under the Supreme Court's analysis in *Denton*. *See also Flores v. U.S. Atty. Gen.*, No. 2:13-CV-00053-DBH, 2013 WL 1122719, at *2 (D. Me. Feb. 26, 2013).

**B.     Leave to Amend**

If leave to amend is sought before the completion of the discovery process, a "futile" amendment is one that "would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996); *Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001).  In other words, "if the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." *Boston & Me. Corp. v. Hampton,* 987 F.2d 855, 868 (1st Cir. 1993).  If leave to amend is sought after a motion for summary judgment and the completion of discovery, "the proposed amendment must be not only theoretically viable but also solidly grounded in the record."  *Hatch*, 274 F.3d at 19.  Because Plaintiff seeks leave to amend before the discovery process commenced, the question is whether the proposed complaint would state a claim upon which relief could be granted.

The changes between the second amended complaint and Plaintiff's proposed third amended complaint are relatively minor.  Certain numbers or specific dialogue is altered, (*compare e.g.*, Second Amended Complaint ¶ 37, (describing the distance between Plaintiff and his vehicle during the search as approximately 20 feet), *with* Proposed Third Amended Complaint ¶ 37 (describing same approximate distance as 10 feet)), and Plaintiff added

some additional details, such as the dialogue of an exchange between himself and one of the officers before the conclusion of the stop. (*See* Proposed Third Amended Complaint ¶ 43.) Plaintiff also changed references to the video recording to reflect the fact that he submitted the recording as an exhibit after he filed the Second Amended Complaint. (*Compare e.g.*, Second Amended Complaint ¶ 55, *with* Proposed Third Amended Complaint ¶¶ 43, 55.)

Plaintiff explains that he requested an opportunity to amend his complaint a third time because when he submitted the cell phone video that he recorded during the traffic stop, Plaintiff noticed some inconsistencies between the recording and his previous written version of the events from his memory. (Motion for Leave to Amend ¶ 2, ECF No. 24.) Because none of Plaintiff's proposed changes is material to the deficiencies of the original, first amended, or second amended complaints, Plaintiff's proposed third amended complaint would be subject to dismissal for the reasons discussed herein and in the initial Recommended Decision. Accordingly, leave to amend would be futile. *See Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) ("[G]iven the wholly incredible nature of the alleged facts upon which appellants' claims are based, the District Court reasonably concluded that granting leave to amend would be futile"); *Adams v. US States Treasury Sec'y*, 655 F. App'x 890, 891 (3d Cir. 2016) (the "muddled and frivolous allegations underscored that it would be pointless to allow [Plaintiff] to amend"); *Gary v. U.S. Gov't*, 540 F. App'x 916, 918 (11th Cir. 2013) ("any amendment would have been futile, as none

of [Plaintiff's] allegations are credible or rational"); *Adams v. Rubinstein*, Nos. 15-cv-3532 (JG)(LB), 15-cv-3647 (JG)(LB), 15-cv-3968 (JG)(LB), 2015 WL 5021740 at *3 (E.D.N.Y. Aug. 24, 2015) (dismissing three complaints, concluding that it would be futile to grant leave to amend "because the complaints are based on fanciful factual scenarios that could not be cured by amendment").

## CONCLUSION

Based on the foregoing analysis and the analysis set forth in the prior Recommended Decision (ECF No. 11), after a review in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's second amended complaint. (ECF No. 18.) I also deny Plaintiff's motion for leave to amend his complaint. (ECF No. 24.)

## NOTICE

Any objections to the order on the motion to amend shall be filed in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 13th day of July, 2020.