UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLEN PLOURDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00486-JAW |
| | ) |
| UNKNOWN MAINE STATE | ) |
| POLICE OFFICER #1, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

A pro se plaintiff alleges that Maine State Troopers pulled him over for speeding and prolonged the traffic stop to conduct a K-9 sniff and search his car for marijuana without reasonable suspicion. Applying the screening standards of 28 U.S.C. § 1915 and having viewed a snippet of video that corroborates some of the plaintiff's allegations the Court concludes that the plaintiff's complaint survives § 1915 screening and allows the plaintiff to conduct limited discovery to ascertain the names of the Maine State Troopers involved in the stop and search.

**I.    BACKGROUND**

   **A.    Procedural History**

On October 23, 2019, Glen Plourde filed a pro se complaint against the state of Maine and two unknown Maine State Troopers[1] in connection with a November 30, 2013 traffic stop. *Compl.* (ECF No. 1). He alleged that two troopers stopped his

---

[1]    Mr. Plourde refers to the law enforcement officers as Maine State Police Officers. As the video clearly reveals that the law enforcement officers are Maine State Troopers, the Court has sua sponte referred to them by their correct designation.

vehicle on I-295 in Maine and subjected him to an unconstitutional search, which left him "highly upset, distraught, and traumatized." *Id.* ¶ 40. He further alleged the search was part of a greater conspiracy by the Federal Bureau of Investigation (FBI) and agents of the government and was carried out to locate and identify his handguns. *Id.* ¶¶ 32-38. He asserted claims under 42 U.S.C. § 1983, alleging various constitutional violations, as well as claims under Article 1, Section 5 of the Maine Constitution. *Id.* ¶¶ 41-102. He applied to proceed in forma pauperis, *Appl. to Proceed in District Ct. Without Prepaying Fees or Costs* (ECF No. 3), which the Magistrate Judge granted. *Order Granting Mot. for Leave to Proceed In Forma Pauperis* (ECF No. 7).

On November 8, 2019, Mr. Plourde filed an amended complaint, greatly expanding the scope of the conspiracy. *Am. Compl.* (ECF No. 8) (*First Am. Compl.*). His First Amended Complaint added conspiracy counts against the United States of America, the Office of the Director of National Intelligence (NI), the Director of NI, the National Security Agency (NSA), the Central Intelligence Agency (CIA), the FBI, seven named and unnamed FBI agents, the Maine State Police, two unidentified Maine State Troopers, and former Maine Governor Paul LePage. *Id.* ¶¶ 105-550.

On December 12, 2019, following a 28 U.S.C. § 1915(e)(2) review of Mr. Plourde's First Amended Complaint, the Magistrate Judge issued a recommended decision, recommending that this Court dismiss Mr. Plourde's First Amended Complaint because Mr. Plourde's allegations "can reasonably be viewed as the type that would warrant dismissal under the Supreme Court's analysis in [*Denton*

*v. Hernandez*, 504 U.S. 25, 33 (1992)]." *Recommended Decision After Review of Pl.'s Compl.* at 4 (ECF No. 11) (*Recommended Decision*). On January 2, 2020, Mr. Plourde objected and filed a motion for leave to file an amended complaint. *Obj. and Mem. to Recommended Decision* (ECF No. 14); *Mot. for Leave to Amend Compl. Pursuant to Federal Rule of Civil Procedure 15(a)(2)* (ECF No. 15).

On January 6, 2020, the Magistrate Judge granted Mr. Plourde's motion for leave to amend. *Order Granting Mot. for Leave to File Am. Compl.* (ECF No. 16). On January 24, 2020, Mr. Plourde filed a second amended complaint that was much less ambitious in scope than his previous complaint. *Am. Compl.* (ECF No. 18) (*Second Am. Compl.*). He named only two unidentified state troopers as defendants and asserted only three claims—one under 42 U.S.C. § 1983 and two under 5 M.R.S. § 4682—alleging violations of his Fourth Amendment rights under the United States Constitution and his Article 1, Section 5 rights under the Maine Constitution. *Id.* ¶¶ 2-3, 74-85.

On May 26, 2020, the Magistrate Judge noted that Mr. Plourde alleged he captured the law enforcement encounter on video and allowed Mr. Plourde to submit the video for the Magistrate Judge's consideration in his § 1915 review of the Second Amended Complaint. *Order on Pl.'s Second Am. Compl.* (ECF No. 22). On June 15, 2020, Mr. Plourde submitted a USB flash drive containing the video and moved for leave to further amend his complaint. *Mot. for Leave to Amend Compl. Pursuant to Federal Rule of Civil Procedure 15(a)(2)* (ECF No. 24).

3

On July 13, 2020, following a 28 U.S.C. § 1915(e)(2) review of Mr. Plourde's Second Amended Complaint, the Magistrate Judge issued a recommended decision, recommending that the Court dismiss the Second Amended Complaint for the same reasons stated in the Magistrate Judge's first recommended decision. *Suppl. Recommended Decision After Review of Pl.'s Second Am. Compl. and Order on Mot. for Leave to File a Third Am. Compl.* (ECF No. 25) (*Suppl. Recommended Decision*). The Magistrate Judge stated that the video recording of the police encounter revealed nothing suspicious. *Id.* at 4. Because the changes between the Second Amended Complaint and proposed third amended complaint were "relatively minor," the Magistrate Judge denied the motion for leave to amend, concluding that leave to amend would be futile. *Id.* at 6; *Order* (ECF No. 26). On July 29, 2020, Mr. Plourde objected and filed another motion for leave to file an amended complaint. *Obj. and Mem. to Recommended Decision* (ECF No. 28); *Mot. for Leave to Amend Compl. Pursuant to Federal Rule of Civil Procedure 15(a)(2)* (ECF No. 29).

On December 3, 2020, the Magistrate Judge granted Mr. Plourde's motion for leave to amend. *Order on Mot. for Leave to Amend Compl.* (ECF No. 31). The Magistrate Judge stated that the "principal modification" in the proposed amended complaint was that Mr. Plourde removed letters to government officials that he had attached to his prior complaints, and those letters were included in the Magistrate Judge's assessment of Mr. Plourde's prior pleadings and request for leave to amend. *Id.* at 2. The Magistrate Judge concluded that Mr. Plourde's "claim under 42 U.S.C. § 1983 for an alleged violation of the Fourth Amendment based upon the purpose and

4

length of the stop of [Mr. Plourde's] vehicle would withstand a preliminary review under § 1915," but to the extent he attempts to assert other claims, his proposed amendment would be futile. *Id.* at 3.

After several extensions of time, Mr. Plourde moved for leave to amend his complaint and filed a proposed third amended complaint on February 1, 2021. *Mot. for Leave to Amend Compl. Pursuant to 12/03/20 Order (ECF No. 31)* (ECF No. 44); *Am. Compl.* (ECF No. 45) (*Third Am. Compl.*). Mr. Plourde also filed a notice informing the Court that he filed his Third Amended Complaint under duress. *Notice to the Court that Am. Compl. 01/29/21 is Filed Under Duress* (ECF No. 46). On February 2, 2021, the Court granted Mr. Plourde's motion for leave to amend, dismissing the Magistrate Judge's Recommended Decision and Supplemental Recommended Decision as moot. *Order* (ECF No. 47).

### B. Third Amended Complaint

In his Third Amended Complaint, Mr. Plourde asserts claims against two unknown Maine State Troopers. The Third Amended Complaint contains the following three counts:

(1) Count I – 42 U.S.C. § 1983 – Deprivation of United States Constitutional Rights;

(2) Count II – 5 M.R.S. § 4682 – Intentional Deprivation of United States Constitutional Rights;

(3) Count III – 5 M.R.S. § 4682 – Intentional Deprivation of Maine State Constitutional Rights.

## II.   LEGAL STANDARD

While the federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for persons unable to pay the costs of bringing an action, Congress directed that a district court "shall" dismiss "at any time" cases or claims proceeding in forma pauperis, if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose is "to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, a pro se plaintiff's complaint must be read liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and "the district court must give the plaintiff the benefit of all the suggested facts and must indulge all reasonable inferences in his favor." *Johnson v. Rodriguez*, 943 F.2d 104, 107 (1st Cir. 1991).

## III.   DISCUSSION

In the Magistrate Judge's December 3, 2020 order, the Magistrate Judge granted Mr. Plourde leave to amend his complaint "to assert a claim under 42 U.S.C. § 1983 for an alleged violation of the Fourth Amendment based on the purpose and length of the stop of [Mr. Plourde's] vehicle." *Order on Mot. for Leave to Amend Compl.* at 3. Mr. Plourde did so in his Third Amended Complaint. The Court proceeds to review Mr. Plourde's Third Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

### A. Count 1 - § 1983 Claim

The Court concludes that Mr. Plourde's Third Amended Complaint states a plausible § 1983 claim against the Maine State Troopers. As the Magistrate Judge stated in his December 3, 2020 order, "absent 'the reasonable suspicion ordinarily demanded to justify detaining an individual,' a police officer may not prolong a traffic stop to conduct a K-9 sniff beyond the time necessary to handle the traffic violation that justified the stop." *United States v. Ramdihall*, 859 F.3d 80, 90 (1st Cir. 2017) (quoting *Rodriguez v. United States*, 575 U.S. 348, 355 (2015)). *See United States v. Morganstern*, No. 2:19-CR-212-DBH, 2020 U.S. Dist. LEXIS 240746, at *7-15 (D. Me. Dec. 22, 2020) (granting motion to suppress because although a traffic stop for a seatbelt violation was legal, there was not reasonable suspicion to justify a subsequent dog sniff and investigation into narcotics).

Mr. Plourde has alleged that on November 30, 2013, he was returning to his former residence in Ellington, Connecticut after visiting his family in Newburgh, Maine for Thanksgiving when he was pulled over for speeding by Maine State Trooper #1 on I-295, about ten miles south of the Gardiner, Maine tollbooth. *Third Am. Compl.* ¶¶ 9, 12. Mr. Plourde alleges Trooper #1 asked him twice if he had any marijuana in his vehicle, which he found strange because "he had not smoked nor possessed any marijuana whatsoever for over 3 years . . . ." *Id.* ¶¶ 13-14. Mr. Plourde states that Trooper #1 then informed him that a K-9 Unit would be arriving to inspect his vehicle, but Mr. Plourde did not recall Trooper #1 stating that he had a reasonable suspicion that Mr. Plourde had marijuana in his car. *Id.* ¶ 18.

"A short time later," Maine State Trooper #2 arrived with a K-9 dog. *Id.* ¶ 21. Mr. Plourde alleges Trooper #2 circled his car six to eight times and had the K-9 sniff the handle of his passenger-side door. *Id.* ¶¶ 23-27. At that point, Mr. Plourde says Trooper #1 told him that the K-9 had detected marijuana in the vehicle and ordered Mr. Plourde out of his vehicle because Mr. Plourde "would not leave his vehicle and allow a search unless explicitly ordered to." *Id.* ¶¶ 29-31. Trooper #1 searched Mr. Plourde's car and questioned him about a utility knife and a moldy piece of pizza. *Id.* ¶¶ 30-52. Mr. Plourde video recorded part of the conversation on his smartphone. *Id.* ¶ 40. Mr. Plourde alleges Trooper #1 stated the K-9 must have "hit" on the piece of pizza because it was so old and moldy, and Mr. Plourde was allowed to return to his vehicle and go on his way. *Id.* ¶ 47. He alleges the troopers gave him "no ticket, written warning, or other evidence of the encounter." *Id.* ¶ 53.

Mr. Plourde thinks the "moldy piece of pizza" excuse offered by Trooper #1 is implausible and finds the whole traffic stop "highly suspicious" because he had been "extensively target practicing with his handgun(s) over the last few days" and he knows at least one of his neighbors is a member of law enforcement. *Id.* ¶¶ 61-62. At the time of the stop, Mr. Plourde states that all his handguns were properly disabled, rendered inoperable, and secured in his trunk. *Id.* While he is not alleging any conspiracy, he says the incident had a "dramatic and traumatic chilling effect on [his] Second Amendment Rights" and he is "highly upset, distraught, and traumatized as a result of this Unconstitutional Search." *Id.* ¶¶ 65-69.

8

Based on these allegations and reviewed liberally under § 1915(e)(2), the Court concludes Mr. Plourde's action is not "frivolous or malicious" and does "state a claim on which relief may be granted." Accepting his allegations as true, in the Third Amended Complaint, Maine State Troopers pulled Mr. Plourde over for speeding and prolonged the traffic stop to conduct a K-9 sniff and search his car for marijuana without any apparent reason. The Court reviewed the cellphone video that Mr. Plourde recorded, which captures about a minute and a half of the conversation between Mr. Plourde and the troopers. While the Court did not see anything sinister in the video, it seems to corroborate Mr. Plourde's version of events, if not his speculation about broader conspiratorial purposes for the stop and search. The Maine State Troopers are considered state actors for purposes of § 1983.

A complaint or claim is "factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Accepting as true the factual allegations of the Third Amended Complaint, some of which are corroborated by the video, it would not appear to be standard police protocol for a state trooper to pull someone over for speeding, and then for no apparent reason to call for a drug sniffing dog, hold the vehicle while the drug sniffing dog arrived, allow the drug sniffing dog to perform extensive exterior

9

searches, and when the dog alerted on something inside the car, to search the person's car for drugs. The Court reviews Mr. Plourde's Third Amended Complaint and concludes it would be inappropriate to sua sponte dismiss the § 1983 count at this point. *See Denton*, 504 U.S. at 32-33 ("An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely"). It would be better to gain a more complete understanding of the events of November 30, 2013 from a perspective other than Mr. Plourde's alone.

### B.     Counts 2 and 3 – Intentional Deprivation of Constitutional Rights

Mr. Plourde also asserts claims under the Maine Civil Rights Act (MCRA), 5 M.R.S. § 4682, claiming that the Maine State Troopers intentionally deprived him of his Fourth Amendment Rights under the United States Constitution and his Article 1, Section 5 Rights under the Maine Constitution.[2] *Third Am. Compl.* ¶¶ 80-87. "The Maine Civil Rights Act, like section 1983, authorizes civil actions by private parties for intentional violations of a person's constitutional rights through actual or threatened violence, damage, or destruction of property or trespass." *Fowles v. Stearns*, 886 F. Supp. 894, 901 (D. Me. 1995). The Court will allow the claims to proceed for the reasons described above. *See Cady v. Walsh*, 753 F.3d 348, 356 n.6

---

[2]     "Article I, section 5 of the Maine Constitution provides protections that are coextensive with the Fourth Amendment." *Fagre v. Parks*, 985 F.3d 16, 24-25 (1st Cir. 2021) (quoting *State v. Martin*, 2015 ME 91, ¶ 17 n.2, 120 A.3d 113, 118 n.2). Article 1, Section 5 of the Maine Constitution reads: "The people shall be secure in their persons, houses, papers and possessions from all unreasonable searches and seizures; and no warrant to search any place, or seize any person or thing, shall issue without a special designation of the place to be searched, and the person or thing to be seized, nor without probable cause -- supported by oath or affirmation." ME. CONST., art. 1, § 5.

(1st Cir. 2014) (citing *Berube v. Conley*, 506 F.3d 79, 85 (1st Cir. 2007) ("The disposition of a 42 U.S.C. § 1983 claim also controls a claim under the MCRA").

### C. Unknown Defendants

Mr. Plourde asserts claims against two unknown Maine State Troopers. As Mr. Plourde apparently does not know the names of the troopers who were involved in the traffic stop and search, the Court will allow Mr. Plourde to perform limited discovery directed to the state of Maine. The Court authorizes Mr. Plourde to subpoena records from the non-party state of Maine to determine the names of the troopers involved in his traffic stop and search in November 2013. If the records subpoena is unsuccessful, he may return to the Court with a proposal for other third party discovery against the state of Maine. The Court will allow Mr. Plourde sixty days from the date of this Order to conduct limited discovery as described and file an amended complaint with the names of the involved troopers.

### IV. CONCLUSION

The Court has performed a § 1915(e)(2) review of Mr. Plourde's most recent complaint and concludes that the Third Amended Complaint states multiple claims upon which Mr. Plourde may proceed at this stage. The Court allows all claims against the Maine State Troopers to proceed.

The Court ORDERS Mr. Plourde to file an amended complaint with the names of the Maine State Troopers within sixty days of the date of this Order.

SO ORDERED.

                                                    <u>/s/ John A. Woodcock, Jr.</u>
                                                    JOHN A. WOODCOCK, JR.
                                                    UNITED STATES DISTRICT JUDGE

Dated this 15th day of March, 2021